UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WINSLOW,

       Plaintiff,                            Hon. Paul L. Maloney

v.                                           Case No. 1:08 CV 229

PATRICIA VORAC,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Patricia Vorac's Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies</u>. (Dkt. #41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On December 5, 2007, Defendant Vorac subjected Plaintiff to a "pat down search." During this search, Vorac reached inside Plaintiff's pants and removed "restricted pills" from a pocket sewn on the inside of Plaintiff's pants. In so doing, Vorac touched Plaintiff's buttock and made "sexual gestures and innuendos."

Plaintiff asserts that as a result of Vorac's conduct he "has suffered, is suffering and will continue to suffer extreme aggravation, annoyance, discomfort, disgrace, humiliation, insult, mental

anxiety, mental suffering, outrage, shame, sorrow, vexation, and worry." Plaintiff asserts that Defendant Vorac violated his Fourth Amendment right to be free from excessive force and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff further asserts that Defendant Vorac committed assault and battery under Michigan law. Plaintiff seeks monetary damages and a declaratory judgment. Defendant moves for summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies. Plaintiff has failed to respond to Defendant's motion.

### A. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007).

A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof, however, faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

        **B.**    **Exhaustion Standard**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Instead, failure to exhaust administrative

remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386-87 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 127 S.Ct. at 922-23.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 126 S.Ct. at 2384. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 126 S.Ct. at 2387. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly

foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

Defendant has submitted copies of two grievances that Plaintiff filed between December 23, 2007, and January 17, 2008. Plaintiff has also attached to his complaint a document which purports to be a grievance that he submitted directly to Step III of the grievance process. The Court shall, therefore, examine these various grievances to determine which (if any) claims in Plaintiff's complaint have been properly exhausted.

C. **Relevant Grievance Policy**

Michigan Department of Corrections Policy Directive 03.02.130 (effective July 9, 2007) articulates the applicable grievance procedures for prisoners in MDOC custody. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The policy provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶¶ V-X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶ BB. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the appropriate form. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. The "total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved." *Id.* at ¶ S.

      **D.**      **Analysis of Plaintiff's Grievances**

      1.      Grievance MCF-08-01-00021-12I

Plaintiff initiated this grievance on December 23, 2007, alleging that on December 22, 2007, "Health Service" refused to provide him with medication. (Dkt. #42, Exhibit 2). While Plaintiff pursued this grievance through all three steps of the prison grievance process, the allegations therein do not involve the incident giving rise to the present action. This grievance, therefore, fails to exhaust any of Plaintiff's claims against Defendant Vorac.

      2.      Grievance MCF-08-01-00091-12B

Plaintiff initiated this grievance on January 17, 2008, alleging that on January 16, 2008, "Mental Health" denied his request for treatment. (Dkt. #42, Exhibit 2). While Plaintiff pursued this grievance through all three steps of the prison grievance process, the allegations therein do not involve the incident giving rise to the present action. This grievance, therefore, fails to exhaust any of Plaintiff's claims against Defendant Vorac.

      3.      Direct Third Step Grievance

Plaintiff has attached to his complaint a "Direct Third Step Grievance Submission," dated January 7, 2008, in which Plaintiff alleges that Defendant Vorac subjected him to sexual harassment during a December 5, 2007 search. (Dkt. #1). Plaintiff asserts that he submitted this grievance directly to Step III of the grievance process. While this alleged grievance addresses the matters asserted in Plaintiff's complaint, it cannot serve to exhaust such claims because Plaintiff failed to pursue this grievance through the first two steps of the grievance process.

Previous versions of MDOC Policy permitted prisoners to submit grievances alleging racial discrimination or staff corruption or brutality directly to Step III. Mich. Dep't of Corr., Policy Directive 03.02.130, ¶ R (eff. April 28, 2003). This provision is presently inapplicable, however, as this particular grievance alleges sexual harassment. More importantly, this particular policy provision has since been superceded. The relevant MDOC Policy in effect as of December 5, 2007, and still current as of the date of this Report, contains no provision allowing inmates to submit grievances directly to Step III of the grievance process. Mich. Dep't of Corr. Policy Directive 03.02.130 (effective July 9, 2007). Current policy expressly provides that allegations of sexual misconduct must be pursued through all three steps of the prison grievance process. *Id.* at ¶ Q.

Defendant has submitted evidence that the only two grievances Plaintiff which pursued through Step III of the grievance process are the two grievances identified above. (Dkt. #42, Exhibit 2). Plaintiff has submitted no evidence to the contrary. Thus, these particular grievances fail to exhaust any of the claims asserted in Plaintiff's complaint.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendant Patricia Vorac's Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies</u>, (dkt. #41), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                           Respectfully submitted,

Date: March 26, 2009                                        /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge